**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

IGNACIO DELENA-GARCIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70547

Agency No. A029-530-005

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2024[**]
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Petitioner Ignacio Delena-Garcia, a native and citizen of Mexico, was ordered removed from the United States in 2011.  Prior to his removal, Delena-Garcia was convicted of several felonies, including possession of cocaine with intent to sell (resulting in a sentence of two years' incarceration) and burglary, theft, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

obtaining and using personal identification of another (resulting in a sentence of four years' incarceration). Delena-Garcia illegally reentered the United States in February 2012.

In 2019, the Department of Homeland Security reinstated Delena-Garcia's prior removal order and, after he established a reasonable fear of persecution, referred him to an Immigration Judge (IJ). The petitioner then applied for withholding of removal and for protection under the Convention Against Torture (CAT). The IJ concluded Delena-Garcia's prior convictions barred him from withholding of removal.[1] The IJ also rejected CAT relief. The BIA affirmed the IJ's ruling, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994).

Delena-Garcia presents two arguments as to why the IJ improperly denied CAT relief: (1) the IJ erroneously concluded he was not credible regarding his previous interaction with a cartel and the police, and (2) the IJ erred in assuming his HIV-related fear was because he could not access medication rather than the stigma an HIV-positive diagnosis carries in Mexico. "When the BIA cites *Matter of Burbano* and does not expressly disagree with the IJ's decision, it adopts the IJ's decision in its entirety." *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013). Therefore, we "look through the BIA's decision and treat the IJ's decision as the final agency decision for purposes of [the] appeal." *Tamang v. Holder*, 598 F.3d

---

[1] Delena-Garcia does not contest this conclusion.

1083, 1088 (9th Cir. 2010). We review the IJ's legal determinations de novo and the IJ's factual determinations for substantial evidence, meaning we may only reverse the IJ's factual determination if the evidence compels a contrary conclusion. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

CAT provides mandatory relief for an alien who can establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Hamoui v. Ashcroft*, 389 F.3d 821, 826 (9th Cir. 2004) (internal quotations omitted) (quoting 8 C.F.R. § 208.16(c)(2)). Torture is defined as "an extreme form of cruel and inhuman treatment," requiring the "intentional inflict[ion]" of "severe pain or suffering . . . by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1), (2). In evaluating the likelihood of future torture, we look to evidence of past torture as well as any evidence of "gross, flagrant, or mass violations of human rights" within the petitioner's home nation. *Nuru v. Gonzales*, 404 F.3d 1207, 1218–19 (9th Cir. 2005). "[S]omeone who has been tortured in the past is likely to be tortured in the future if returned to the same situation," however "[i]n and of itself, . . . a showing of past torture does not give rise to a regulatory presumption of future torture." *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) (internal quotation, alterations, and citation omitted).

Delena-Garcia based his fear of being tortured on two things: his experience with a cartel and his HIV-positive status. In his I-589 application for asylum and withholding of removal, Delena-Garcia claimed the cartel had demanded roughly $500 a week to keep his business open, and after he fled Mexico because of the cartel activity, the cartel murdered two of his family members. Thus, he fears being tortured if he is forced to return to Mexico.[2] Delena-Garcia also noted he feared returning to Mexico as a person living with HIV, because of the way in which Mexican society treats HIV-positive individuals.

First addressing Delena-Garcia's experience with the cartel, the IJ denied CAT relief after concluding Delena-Garcia was not a credible witness because of numerous inconsistencies in the testimony he provided in court as compared to his reasonable fear interview and his I-589 application. The IJ rejected Delena-Garcia's HIV status argument, because the IJ determined Delena-Garcia would have adequate access to medication to manage his condition.[3] Because substantial evidence

---

[2] In his notice of appeal to the BIA, Delena-Garcia stated that the basis of his application for CAT relief was "his fear of returning to Mexico because of past persecution and torture . . . and the clear probability of future persecution and torture if he were to return to Mexico." However, in this court, Delena-Garcia does not allege his past interactions with the cartel rose to the level of torture.

[3] On appeal, Delena-Garcia points out that the IJ misconstrued his fear related to his HIV-positive status. Rather than addressing the threat of harm people living with HIV face in Mexico based on how they are treated by society, the IJ construed Delena-Garcia's fear to be based on the availability of proper medical treatment to address his HIV diagnosis. Although the IJ erred in failing to address Delena-

4

supports the IJ's credibility determinations, we deny the Petition as to the cartel-related CAT allegations. We also deny the Petition as to the HIV-related CAT allegations, because of Delena-Garcia's failure to exhaust those claims before the BIA.

1. The IJ did not err in determining Delena-Garcia was not credible. In 2011, there was a confrontation between Delena-Garcia and members of the Jalisco cartel outside Delena-Garcia's business. According to Delena-Garcia's reasonable fear interview with DHS, the cartel demanded he pay $500 per week. Delena-Garcia then said that the cartel once followed him after he closed his business one evening, and he pulled over his vehicle near some police officers so that he would be protected from the cartel. Delena-Garcia claimed the police then "turned [him] in" to the cartel. After he pulled over, one of the officers called the cartel members following him, the cartel members pulled over near the officers, and they then took 20,000 pesos from him. The cartel allegedly informed Delena-Garcia that the price of the quota would increase to $500 and 20,000 pesos and that "they already knew where [he] lived and what time [he] closed the business" with the implication being that they would find and harm Delena-Garcia if he did not pay the quota. Following

Garcia's expressed fear of how he would be treated if people in Mexico knew his HIV status, as discussed below, Delena-Garcia failed to raise this issue in his appeal to the BIA.

5

three months of the quota extortion and after the police incident, Delena-Garcia closed his business and left Mexico.

As the IJ found, Delena-Garcia provided a starkly different description of events during his hearing testimony. Delena-Garcia testified that the cartel began to follow him after he closed his store. But then, the cartel members gestured for him to pull over, and he did so when he encountered police officers on the side of the road. Delena-Garcia testified that he spoke with the officers, waited on the side of the road with them, and then left and that the cartel members did not follow him.

During his reasonable fear interview, Delena-Garcia said the cartel continued to look for him after he fled Mexico, and then killed his wife's aunt and nephew "*because they did not tell them where [he] was*." At the immigration court proceedings, in contrast to his reasonable fear interview, when asked why his nephew was murdered, Delena-Garcia speculated and responded: "I don't know. Maybe because he didn't tell [the cartel] where I was."

During his reasonable fear interview Delena-Garcia stated that when his nephew would not disclose where Delena-Garcia was living, the cartel "grabbed" and "left marks on [his] nephew" and "chopped him into pieces but they left like a sign . . . saying that [it was] for not giving [Delena-Garcia's] address." But at the hearing, Delena-Garcia testified his nephew was "asphyxiated" or "choked." He also testified that a sign was left by his nephew's body saying, "for not paying."

6

Delena-Garcia was asked about these (and other) inconsistencies found by the IJ but could not satisfactorily explain them. The IJ found that the explanations were not "plausible." Substantial evidence supports the IJ's findings as to inconsistency and plausibility. These inconsistencies—how the cartel treated Delena-Garcia in Mexico and why and how his family members died—are "valid and specific reasons for issuing an adverse credibility determination" and relate to the foundation for Delena-Garcia's claim of past and future torture. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022). Thus, we uphold the IJ's credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) ("only the most extraordinary circumstances will justify overturning an adverse credibility determination." (citation and quotation omitted)).

Without Delena-Garcia's credible testimony, there was insufficient evidence to support CAT relief based on his fear of torture from the cartel.[4]

2. While the IJ misconstrued Delena-Garcia's CAT claim based on his fear related to his HIV-positive status, we deny the Petition because Delena-Garcia failed to exhaust that claim.

Delena-Garcia argues the IJ improperly failed to address his fear that he would be harmed if returned to Mexico because of his HIV status and instead addressed his

---

[4] Delena-Garcia does not argue that the remaining evidence is sufficient to support CAT relief based on his cartel claims.

potential fear related to the "availability of treatment and medications in Mexico for his HIV." But as the government notes, Delena-Garcia's notice of appeal to the BIA makes no mention of his HIV status or his related fear of persecution and torture.[5]

While 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture as a claims-processing rule. *Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023). Delena-Garcia failed to argue before the BIA that the IJ erred in failing to address his fears related to his HIV status. Because 8 U.S.C. § 1252(d)(1) is a claims processing rule which is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises' it," we must deny Delena-Garcia's petition as to his HIV status. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (alterations omitted) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam)); *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (denying petition where petitioner presented a new argument on appeal that was not presented to the BIA because the petitioner "failed to exhaust . . . as required under 8 U.S.C. § 1252(d)(1)").

Because the IJ did not err in finding that Delena-Garcia lacked credibility and

---

[5] Delena-Garcia did state in his application for relief that he was "afraid that [he] will be harmed by people in Mexico because [he has] HIV but [did not] know if the police [would be] willing to protect [him]." But he did not provide any testimony, nor did his attorney ask him questions, regarding his HIV status as it relates to the likelihood of his being tortured in the future because of the status.

because Delena-Garcia failed to appropriately exhaust his CAT claim as it relates to his HIV status, we deny Delena-Garcia's petition.

**PETITION DENIED.**